CHRISTIAN WOMEN'S BOARD OF MISSIONS *v.* CLARK.

Opinion delivered October 20, 1919.

1. MORTGAGES—LIMITATION OF ACTIONS—PROMISE TO PAY.—Appellee held a note secured by a mortgage on land belonging to one C. After the lapse of time sufficient to bar the statute by limitations, C. promised, if given further time, and if appellee would pay the taxes and procure insurance on the property, to discharge the debt, and not to take advantage of the statute. *Held,* under these facts, C. later could not plead limitations.

2.  LIMITATION OF ACTIONS—VERBAL PROMISE TO PAY.—Kirby's Digest, section 5079, relates to verbal promises or acknowledgments not supported by a new or additional consideration, and has no application to an original undertaking to pay a debt, otherwise barred by limitations, at a future date, based upon sufficient consideration.

3.  LIMITATIONS OF ACTIONS—MORTGAGE—ORIGINAL UNDERTAKING TO PAY—ENDORSEMENT IN THE RECORD.—In order to extend the statutory bar on recorded mortgage liens, as against third parties, the burden and duty are placed (Kirby's Digest, section 5399) upon the mortgagee to enter the payments and dates thereof on the margin of the record where the mortgage is recorded. But no duty is imposed by the statute upon the mortgagee in a recorded mortgage to enter new undertakings by the mortgagor on the record, in order to extend the period of limitation as to third parties. As to such undertakings, third parties occupy the same position as the mortgagor.

Appeal from Carroll Chancery Court, Western District; *Ben F. McMahan,* Chancellor; affirmed.

*Festus O. Butt,* for appellants.

1. The action is barred by limitation and no notation of payments appear upon the face of the record to extend the time. Kirby's Digest, § 5079. Wanting such notice of extension of time, the grantee took title free from the lien of the mortgage, regardless of secret equities existing between mortgagor and mortgagee. Appellant was a *bona fide* purchaser. The conditions in the deed were all fulfilled, and the deed vested absolute and immediate title.

It must be established by appellee that there were enforceable secret equities between mortgagor and mortgagee and that the conveyance from the mortgagor to the purchaser was so affected by fraud as to be void. If it was a good conveyance, then it was good against the mortgage; if it was not a good conveyance, then the existence of secret equities must be shown by appellee before she could recover. Were there such secret equities existing between Mrs. Christian and Mrs. Clark as amounted to a waiver by Mrs. Christian of the statute of limitations? Nothing in the testimony tends to prove that the limita-

tion date was extended by any new written acknowledgment of the debt or promise to pay it. Such must be in writing to be binding and executed prior to the original limitation date. Kirby's Digest, § 5079; 52 Ark. 288; 66 Id. 464; 105 Id. 290; 120 S. W. 836; 151 Id. 249. The only writing by Mrs. Christian tending to indicate an acknowledgment or promise is dated January 21, 1917, long after the expiration of the limitation period.

In the absence of the marginal credit on the record, the mortgage lien was extinct. 64 Ark. 317; 68 Id. 257; 91 Id. 394; 121 S. W. 278; 137 Id. 808.

2. The grantee under Mrs. Christian had the right to plead the statute against appellee. 153 S. W. 112.

3. There is absolutely no proof of fraud on the part of the grantees and the proof fails to show insanity or unbalanced mentality on the part of Mrs. Christian.

4. The evidence fails to show her mental incapacity. If the person was sane at the time the act charged was accomplished, even evidence of mental condition at other times is inadmissible. 14 R. C. L. 620. The burden of showing mental unsoundness rests upon appellee. 19 Ark. 533. This burden was not met.

5. The testimony does not sustain the decree and the clear preponderance is against it.

*C. A. Fuller, W. N. Ivie* and *J. W. Nance,* for appellee.

1. Undue influence was exercised over Mrs. Christian, and in view of her weak mental and physical condition our contention is that fraud was perpetrated on her in dealing with her. 3 Johns. Chy. 232; 15 Ark. 581. Undue influence was used over the grantor, and the grantee can not take advantage of it, as it was against conscience. A court of equity will relieve. 26 Ark. 605; 119 Id. 466.

2. The conveyance by an insane person is void and the same rule applies where undue influence or fraud is practiced. 115 Ark. 430. Mrs. Christian was incapable of exercising reasonable judgment on account of her dotage

and feebleness of mind and body, and undue influence was used. 119 Ark. 466; 120 *Id.* 788.

3. The findings of the chancellor are not clearly against the preponderance of the evidence, but the evidence sustains them and the decree should be sustained. 119 Ark. 467.

HUMPHREYS, J.   This suit was instituted in the Western District of the Carroll Chancery Court by appellee against appellants, to foreclose a mortgage on certain lots in Eureka Springs, executed on the 18th day of October, 1909, by appellant, Persis L. Christian, to A. L. Clark, and to cancel, as fraudulent and void, a deed executed upon the same lots by Persis L. Christian to the Christian Women's Board of Missions, on the 20th day of November, 1917.

The amended bill, in substance, alleged that the appellee was the owner of the note, evidencing the indebtedness secured by the mortgage, by virtue of assignment; that said note, according to its terms, was due on or before one year after date, and, while barred on its face by the statute of limitations, it was not in fact barred, because Persis L. Christian, for a valuable consideration, had agreed by oral contract to pay said indebtedness, and not to plead the statute of limitation; that the deed executed by Persis L. Christian on November 20, 1917, to the Christian Women's Board of Missions was procured by undue influence and overpersuasion at a time when the mind of Persis L. Christian was not sufficiently strong for her to know the effect and consequence of her acts; and that at the time Persis L. Christian executed said deed she was not of sound and disposing mind.

During the pendency of the suit, Persis L. Christian died, and the cause was revived in the name of F. M. Gear, special administrator. The special administrator and the Christian Women's Board of Missions filed answer, denying each and every material allegation in the bill.

The cause was heard upon the pleadings, the note and mortgage, the depositions of witnesses and exhibits

thereto, and certain documentary evidence adduced by agreement of the attorneys, from which the court found the issues in favor of appellee, declared a lien upon the lots in question in favor of appellee for $2,415.75, which included debt, interest and money advanced for taxes and insurance upon the property, decreed a foreclosure and order of sale, and canceled the deed executed by Persis L. Christian to the Christian Women's Board of Missions on the 20th day of November, 1917, in so far as it affected the rights of appellee in the property under her mortgage. From that decree an appeal has been duly prosecuted to this court.

(1) It is first insisted by appellants that the cause of action was barred by the statute of limitations at the time the suit was instituted. The note was dated October 18, 1909, and, under its terms, became due and payable October 18, 1910. No credits appeared upon the note or margin of the mortgage record. The suit was brought on January 30, 1918. Upon the face of the note and mortgage, therefore, the statutory bar attached on October 18, 1915, unless the statute was tolled after the statutory bar attached by a new promise, for a valuable consideration, on the part of Persis L. Christian, to pay the indebtedness or not to plead the statute of limitations. The note and mortgage in question were sent to C. A. Fuller, a practicing attorney in Eureka Springs, Arkansas, by appellee, for collection, in January or February, 1917. Upon receipt of the note and mortgage, Fuller informed Persis L. Christian that he had the note for collection. She stated to him that she was unable to pay it or to pay the taxes and insurance on the property secured by the mortgage, and requested that he get his client, the appellee herein, to advance the money for the taxes and insurance, as she had done in the past, and not to foreclose the mortgage. Fuller called her attention to the fact that the debt was old and might be barred by the statute of limitations if further time were granted. She responded that it was an honest debt, and that if they would give her time she would try to borrow the money

and pay it, and if she happened to die, which she thought she would soon, the mortgage would take the property any way; that she would not try to beat the debt because "it was too old or outlawed." Based on this promise to pay the indebtedness and not to plead the statute of limitations, Fuller obtained the necessary money from appellee to pay the taxes and insure the property. This evidence was sufficient to establish an original undertaking on the part of Persis L. Christian to pay the indebtedness at a future date for an additional consideration. It established an agreement on the part of Persis L. Christian, for a valuable consideration, to pay the indebtedness, and, on the part of appellee, an agreement to forbear.

(2) It is insisted, however, that the original undertaking was not in writing, and, therefore, not binding. Section 5079 of Kirby's Digest is cited in support of the contention. That section, in part, provides that "no verbal promise or acknowledgment shall be deemed sufficient evidence in any action founded on a contract whereby to take any case out of the operation of this act, or to deprive the party of the benefits thereof." This statute has no application to original undertakings to pay at a future date, based upon sufficient consideration. The statute relates to verbal promises or acknowledgments not supported by a new or additional consideration.

But appellants insist that, even though Persis L. Christian is precluded from pleading the statute of limitations against the debt and lien, by reason of an original undertaking, still the mortgage lien became extinct by the failure of appellee to make a note thereof on the margin of the record where the mortgage was recorded. In support of this contention, section 5399 of Kirby's Digest is cited. That section is as follows: "In suits to foreclose or enforce mortgages or deeds of trust, it shall be sufficient defense that they have not been brought within the period of limitation prescribed by law for a suit on the debt or liability for the security of which they were given. Provided, when any payment is made on

any such existing indebtedness, before the same is barred by the statute of limitation, such payment shall not operate to revive said debt or to extend the operations of the statute of limitation with reference thereto, so far as the same affects the rights of third parties, unless the mortgagee, trustee or beneficiary shall, prior to the expiration of the period of the statute of limitation, endorse a memorandum of such payment with date thereof on the margin of the record where such instrument is recorded, which endorsement shall be attested and dated by the clerk.''

(3) It is apparent that this action requires marginal entries on the record of *payments* only, in order to extend the period of limitations as to third parties. No requirement is made by the section that the mortgagee, or his assignee, shall enter original undertakings on the margin of the record where the mortgage is recorded in order to extend the period of limitations against *bona fide* purchasers of the property. Without such a requirement in the statute, a subsequent innocent purchaser of the property occupies no better position than the mortgagee in relation to recorded mortgages. Prior to the passage of the act in question, it was the duty of subsequent purchasers for value to take notice of recorded mortgages executed by parties in the chain of their title and to inquire whether the lien was in force and effect. The statute exempts third parties from making the inquiry as to whether the debt or lien in recorded mortgages has been extended by payment. In order to extend the statutory bar on recorded mortgage liens, as against third parties, the burden and duty are placed upon the mortgagee to enter the payments and dates thereof on the margin of the record where the mortgage is recorded. But no duty is imposed by the statute upon the mortgagee in a recorded mortgage to enter new undertakings by the mortgagor on the margin of the record in order to extend the period of limitation as to third parties. As to such undertakings, third parties occupy the same position as the mortgagor. While it is immaterial in this case, the board

had actual knowledge of the existence of the mortgage at the time it obtained the deed. As between Persis L. Christian, the mortgagor, and Emma F. Clark, the owner of the note and mortgage, the statutory bar had not attached by reason of a new undertaking binding upon both Persis L. Christian and Emma F. Clark. The Christian Women's Board of Missions, on account of this undertaking, was precluded from successfully pleading the statute of limitation.

Much evidence was taken upon the issue of whether Persis L. Christian was possessed of a sound and disposing mind at the time she executed the deed to the Christian Women's Board of Missions. The evidence is wholly insufficient to establish the procurement of the deed through fraud. Under the view expressed above, it is unnecessary to consider either issue in the trial of the case *de novo.*

The result reached by the chancellor is correct, and the decree is affirmed.